KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787
E-mail: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN DE LA CRUZ-FLORES,<br><br>Defendant. | Criminal Case No. 07CR3244DMS<br><br>**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**<br><br>**(1) COMPEL DISCOVERY;**<br>**(2) LEAVE TO FILE FURTHER MOTIONS**<br><br>**TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTION FOR:**<br><br>**(1) RECIPROCAL DISCOVERY**<br><br>Date: January 11, 2008<br>Time: 2 p.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant Brian De La Cruz-Flores ("Defendant's") Motions to Compel Discovery, and Leave to File Further Motions. The Government also hereby files a Motion for Reciprocal Discovery. This Response and Motion are based upon the files and records of the case together with the attached Statement of Facts and Memorandum of Points and Authorities.

//

//

**I**

**STATEMENT OF THE CASE**

On November 30, 2007, a grand jury sitting in the Southern District of California returned a two-count Indictment against Defendant, charging him with Bringing In Illegal Aliens for Financial Gain and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and Bringing in Illegal Aliens Without Presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). On December 3, 2007, Defendant was arraigned on the Indictment and entered a plea of "Not Guilty."

**II**

**STATEMENT OF FACTS**

On October 30, 2007, at approximately 12:45 p.m., Defendant attempted entry into the United States through the Calexico West, California Port of Entry as the driver and sole visible occupant of a brown Ford Escort bearing California license plate number 3KWZ279. At primary inspection, Defendant gave two negative customs declarations and claimed he had owned the vehicle for four months. However, the vehicle registration did not list Defendant as the registered owner of the vehicle. Defendant noted to Customs and Border Protection (CBP) Officer Jesus Burgeno that he had gone to Mexicali, Mexico to drop off his grandmother and he was now on his way home to Calexico, CA. Officer Burgeno noticed a strong gasoline odor coming from the interior of the vehicle. He also observed that the vehicle only had three prior crossings and that the key ring holding the key in the ignition only contained two keys. Based on these facts, Officer Burgeno referred Defendant and the vehicle to secondary for further inspection. As Officer Burgeno filled out the referral slip, he further noticed that Defendant was looking straight forward, avoiding eye contact, and tightly gripping the steering wheel.

In the secondary lot, Defendant again gave a negative customs declaration and stated he had gone to Mexicali, Mexico to drop off his grandmother. He also reiterated that he lived in Calexico and had owned the vehicle for about 4 months. He further offered that he was working in Los Angeles, CA on a seasonal construction job. During an inspection of the vehicle, CBP Officer Jose Silva Lopez noticed an abnormality near the gas tank of the vehicle. As he looked inside the vehicle, Officer Silva Lopez further found the rear seat was lifted and appeared abnormal. He then used his flashlight to look

inside the seat. As he did so he saw a human face. Maria Angelica Medel-Tapia was subsequently removed from a non-factory gas tank compartment. As she was removed, Officer Silva-Lopez observed that Medel-Tapia was wet with gasoline. Defendant was subsequently arrested, while Medel-Tapia was taken into the vehicle secondary office for first aid and further processing.

At 4:38 p.m. Defendant was advised of his Miranda rights and elected to waive those rights and talk with officers. After waiving his rights, Defendant stated he had been approached by a neighbor who invited Defendant to cross a vehicle for money. Defendant admitted he knew there was an undocumented female concealed in a compartment under the rear back seat of the vehicle and that he was to be paid $1000. Defendant further admitted that while he was driving, Medel-Tapia told him she wanted to get out of the vehicle.

Medel-Tapia admitted to being a citizen of Mexico with no legal right to enter the United States. She stated that the smugglers would tell her the amount of her smuggling fee once she had successfully crossed into the United States. She also stated that while in the compartment she heard a male voice telling her not to move. She stated that she told the man she wanted to get out and did not feel well but that no one apparently heard her. Medel-Tapia was taken to the hospital for treatment due to severe burns to her chest, left arm, and right thigh.

## III

## DEFENDANT'S MOTIONS

### A. Motion to Compel Discovery

#### 1. Discovery in this Matter is Current

To date, the Government has provided Defendant with 92 pages of discovery and a DVD. The documents that have been produced constitute all discoverable material that the Government has to date, and includes, inter alia: (1) investigative reports; (2) Defendant's post-arrest statement; (3) Defendant's criminal history; (4) documents seized from Defendant's vehicle and his person; and (5) photographs taken throughout the investigation. As of the date of this filing, the Government has received no reciprocal discovery.

The above covers most of Defendant's specific discovery requests.

//

**2. The Government Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

To the extent Defendant requests specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

**3. The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.**

The United States has no objection to the preservation of the handwritten rough notes taken by any of the United States' agents and officers. See United States v. Harris, 543 F.2d 1247, 1253

(9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the United States objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The United States is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined under 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendants that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to the Defendants.

The United States has provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the United States will provide Defendants with a list of all witnesses whom it intends to call in its case-in-chief,

although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992).

The United States objects to any request that it provide a list of every witness to the crimes charged who will not be called as a United States witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The United States is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendants. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The United States will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

Defendant cites a California Supreme Court case from 1974 for the proposition that he is entitled to "all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved . . . ." In fact, Pitchess v.

Superior Court, 11 Cal. 3d 531, 539 (1974), has been superseded by statute. The legislature's aim in enacting the statute, as described the California Supreme Court, was "to protect such records against 'fishing expeditions' conducted by defense attorneys following the Pitchess decision." City of San Jose v. Superior Court, 5 Cal.4th 47, 54 (1993).

The controlling federal law is United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and the Government, as stated, will continue to comply with those obligations.

**B. No Opposition to Leave to File Further Motions**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

## IV

## MOTION FOR RECIPROCAL DISCOVERY

The United States hereby moves for reciprocal discovery from the Defendant. To date Defendant has not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**V**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Defendant's motions be denied and that the Government's motion for reciprocal discovery be granted..

DATED: December 26, 2007.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ ***Aaron B. Clark***
AARON B. CLARK
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN DE LA CRUZ-FLORES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Case No. 07CR3244DMS<br><br><br><br><br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Gary Paul Burcham

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 26, 2007.

/s/ ***Aaron B. Clark***
AARON B. CLARK
Assistant U.S. Attorney